UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL MIRANDA            *        CIVIL ACTION

VERSUS                     *        NO: 10-4155

TOYOTA MOTOR SALES USA,    *        SECTION: "D"(3)
INC., ET AL

### ORDER AND REASONS

Before the court is the **"Motion to Remand to State Court" (Doc. No. 4)** filed by Plaintiff, Michael Miranda. Defendant, Toyota Motor Sales, U.S.A., Inc. (TMS), filed a memorandum in opposition. The motion, set for hearing on Wednesday, December 1, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

Plaintiff seeks to have this case remanded to state court because he is a citizen of Louisiana, the Defendant automobile sellers/dealers (Clayton Motors, LLC, Clayton Motors, Inc., Clayton Motorsports, LLC, Mario Guerrero, and Lakeside Imports, Inc. d/b/a Lakeside Toyota) are citizens of Louisiana, and as a donee of the subject vehicle, he is entitled to bring redhibition claims against

the Louisiana automobile sellers/dealers.[1] However, Defendant TMS has demonstrated that Plaintiff has no "reasonable basis" for predicting that he will recover from the Louisiana Defendants in state court because:

(1) only one of the Louisiana Defendants sued in this matter, Clayton Motors, LLC was a seller of the subject vehicle. (TMS' Ex. A, vehicle's title history & Ex. B, Louisiana Secretary of State record for Clayton Motors, Inc.);

(2) Clayton Motors did not sell the subject vehicle to the Plaintiff,[2] and there is no evidence that it knew or should have known of what Plaintiff alleges was the vehicle's "defect." (TMS' Ex. D, Affidavit of Mario Guerrero, member of Clayton Motors, LLC);

(3) Under Louisiana law, Plaintiff has no action in redhibition because he was not the buyer of the subject vehicle; Plaintiff was the donee of the subject

---

[1] Plaintiff does not argue in his Motion to Remand that he can recover against the purported Louisiana Defendants (Clayton Motors, LLC, Clayton Motors, Inc., Clayton Motorsports, LLC, Mario Guerrero, and Lakeside Imports, Inc. d/b/a Lakeside Toyota) under the Louisiana Products Liability Act (LPLA). Because Plaintiff does not allege that any of the Louisiana Defendants is a "manufacturer" of the subject vehicle, Plaintiff has no "reasonable basis" for predicting that he could recover from these entities under the LPLA.

[2] According to the last portions of the subject vehicle's title history, Clayton Motors sold the subject vehicle to Nathalie Miranda on October 3, 2005; Nathalie Miranda died on April 14, 2007, and Maurice Miranda donated the vehicle to Plaintiff on October 25, 2007. (TMS's Ex. A). In his Motion to Remand, Plaintiff states that the subject vehicle was transferred to him upon the death of his mother. (Doc. 4-2 at p. 2).

vehicle.[3] La. Civ. Code Arts. 2520-2545; *Franks v. Royal Oldsmobile Co., Inc.*, 605 So.2d 633, 635 (La. App. 5th Cir. 1992)(affirming that plaintiff had no right of action in redhibition absent proof that he had purchased vehicle); *Trahan v. Savage Industries, Inc.*, 692 So. 2d 490, 498-99 (La. App. 3rd Cir.), *writ denied*, 701 So.2d 207 (La. 1997)(donee of a shotgun could not maintain a redhibition claim and recover attorney's fees under Louisiana Civil Code Article 2545)[4];

(4) Plaintiff's reliance on Louisiana Civil Code Article 2538 is misplaced. Article 2538 provides:

> The warranty against redhibitory vices is owned by each of multiple sellers in proportion to his interest.
>
> Multiple buyers must concur in an action for rescission because of a redhibitory defect. An action for reduction in price may be

---

[3] *See* fn. 2, *supra*.

[4] In *Trahan*, the court stated:

> The inescapable fact in this case is that under La. Civ. Code art. 2545, the seller is liable to the **buyer** for attorney fees. While we agree that the distinction between [Plaintiff] as a **donee of the buyer** and the actual buyer is superficial, the legislature had not addressed the issue at the time of the accident and did not do so in the 1995 amendment to article 2545. Until the legislature does address the issue, we are constrained to apply the law as written.

*Trahan*, 690 So. 2d at 499(emphasis added).

La. Civ. Code art. 2545 has not been further amended and the court agrees with the *Trahan* court that it is constrained to apply the law as written.

>brought by one of multiple buyers in proportion to his interest.
>
>The same rules apply if a thing with a redhibitory defect is transferred, inter vivos or mortis causa, to multiple successors.
>
>La. Civ. Code Art. 2538 (West 2010)(effective Jan. 1, 1995).

Here, multiple sellers did not together sell the subject vehicle and multiple buyers did not buy the subject vehicle. Further, under Louisiana Civil Code Article 2538, if one of multiple buyers transfers his interest in a thing by an "act inter vivos or mortis causa," the remaining buyers must still obtain consent of the transferees before suing to rescind the sale of the thing. And, absent legal authority, the court declines to interpret Article 2538 as allowing a "donee" of one of multiple buyers the right to bring a redhibition action when the jurisprudence is clear that a claim in redhibition may be brought only by a buyer against a seller. *Franks*, 605 So.2d at 635.

Accordingly, the court concludes that the Louisiana Defendants (Clayton Motors, LLC, Clayton Motors, Inc., Clayton Motorsports, LLC, Mario Guerrero, and Lakeside Imports, Inc. d/b/a Lakeside Toyota) are improperly joined, and the court **DENIES** Plaintiff's **"Motion to Remand to State Court" (Doc. No. 4)**.

New Orleans, Louisiana, this **2nd** day of **December**, **2010**.

                                            A.J. McNAMARA
                                    UNITED STATES DISTRICT JUDGE